James M. Immel Special Assistant County Attorney Allen County Four East Jackson, P.O. Box 766 Iola, Kansas 66749
Dear Mr. Immel:
You request our opinion regarding distribution of the proceeds received in a tax foreclosure sale conducted pursuant to K.S.A. 79-2801 et seq. You indicate that a question has arisen regarding the disposition of moneys paid in excess of a judgement lien where the owner cannot be located and accordingly makes no claim to the excess moneys and sale costs. You indicate that as a citizen of Allen County you would like for the County to be able to retain these unclaimed moneys in its general fund. You inform us that you have been provided with a set of forms which you understand comes from a county attorney's handbook. You explain that "[t]he order in this set of forms appears to provide that the excess be paid to the County Treasurer for the benefit of [the County] General Funds.'" Accordingly, you specifically ask whether the excess moneys can be paid into and retained in the County's general fund, and if not, what disposition should be made of them.
K.S.A. 79-2803 provides in pertinent part as follows:
 "If any lot, tract or piece of real estate sells for more than the judgment lien for the taxes, interest, penalty, and charges plus its share of the costs, charges and expenses of the proceedings and sale, such excess shall be ordered by the court paid upon due proof to the owner or party entitled thereto."
The above statute provides that if property is sold at the tax foreclosure sale for an amount in excess of the judgement and costs of the proceedings and sale, the excess amount is to be paid "to the owner or party entitled thereto." K.S.A. 79-2801 et seq. does not, however, provide for a situation in which the owner or party entitled to the property cannot be located and thus makes no claim on the moneys. [By contrast, K.S.A. 79-2805
provides that when the county has bid on and acquired the property at the tax foreclosure sale and subsequently sells the property for an amount in excess of the lien and costs, the excess is to be apportioned among the interested taxing districts. See Attorney General Opinion No. 89-103.] Absent any provision for dealing with the excess in the instant circumstances, we turn to the Uniform Unclaimed Property Act (UUPA), K.S.A. 58-3934
et seq., for guidance.
K.S.A. 58-3946 provides as follows:
 "Any intangible property held by the executive, legislative or judicial branch of the United States government, or a state, or a county or municipal subdivision of a state, or any of their authorities, agencies, instrumentalities, administrations, services or other organizations and remaining unclaimed for more than one year after it became payable or distributable is presumed abandoned." (Emphasis added).
"Intangible property" is defined to include inter alia "[m]oneys, checks, drafts, deposits, interest, dividends and income." K.S.A. 58-3934(j)(1).
Upon expiration of the one year holding period the district court in which the foreclosure proceeding was initiated "shall report to the administrator concerning the property . . . " [K.S.A. 58-3950(a)] and "shall pay or deliver to the administrator all of the property shown on the report. . . ." K.S.A. 58-3952(a). "Upon the payment or delivery of property to the administrator, the state assumes custody and responsibility for the safekeeping of the property" [K.S.A. 58-3953(a)] and the administrator shall promptly deposit the property into the state's general fund where it becomes part of the "unclaimed property claims fund" [K.S.A. 58-3956(a)] until such time as a claim is made pursuant to K.S.A. 58-3957.
Our research has detected no statutes or case law which would provide for the excess unclaimed proceeds to be retained by Allen County. It appears that the county attorney's handbook and the forms to which you refer in your initial correspondence were taken from the Kansas Government Journal published by the League of Kansas Municipalities, and last revised in 1981, thus predating the UUPA. Accordingly, it is our opinion that the procedure set forth in the UUPA, should be followed by Allen County and the district court in disposing of unclaimed moneys paid in excess of the judgement lien.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm